IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **FREDDIE TUBBS** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | |
| | § | |
| **H. O. T. EXPRESS INC.** | § | **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES FREDDIE TUBBS, hereinafter referred to as Plaintiff, complaining of H. O. T. EXPRESS INC. (hereinafter H. O. T.), Defendant, and for cause of action would respectfully show unto the Court and jury the following, to-wit:

1. Plaintiff is a citizen of Wichita County, Texas.

2. Defendant, H. O. T. EXPRESS INC. is a Montana Corporation with its principal place of business located at 831 Cerise Road, Billings, Montana 59101-7374, and may be served with process by serving its registered agent for the State of Texas, Jeffrey Fultz, One Riverway, Suite 1400, Houston, Texas 77056.

## JURISDICTION AND VENUE

3. This Court possesses jurisdiction in this case pursuant to 28 U.S.C. §1332(c)(1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 of the United States Code. Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs. Plaintiff is a citizen of the State of Texas. Defendant H. O. T. Express Inc. is a foreign corporation, organized and formed in the State of Montana, is not a citizen of Texas and its

principal place of business is located at 831 Cerise Road, Billings, Montana 59101-7374.

4. Venue is proper in this case pursuant to 28 U.S.C. §1391(a)(2) in that all or a substantial amount of the occurrence in question took place in the Northern District of Texas.

## STATUTE OF LIMITATIONS

5. Plaintiff alleges this lawsuit has been filed within the time period of the appropriate statute of limitations from the date of the occurrence. In the alternative, Plaintiff alleges the statute of limitations is tolled because this lawsuit has been filed within two (2) years of the date Plaintiff knew or should have known of the existence of a cause of action, or any delay is the result of direct threats or fraud on the part of the Defendant.

## FACTS OF THE CASE

6. Plaintiff would show that on or about September 28, 2021, Plaintiff was operating his vehicle in Clay County, Texas, when a commercial motor vehicle owned and operated, or in the alternative, leased by H. O. T. pursuant to 49 U.S.C. 14102/49 C.F.R. 376, et seq., and operated by H. O. T.'s statutory employee made an unsafe lane change and caused the collision. Plaintiff would show that due to the collision, Plaintiff sustained severe and disabling injuries.

7. Plaintiff would further show that at the time of the accident made the basis of this lawsuit and all times material hereto H. O. T.'s driver was a statutory employee working in the course and scope of his employment for Defendant.

## CAUSE OF ACTION

8. Plaintiff alleges that Defendant's statutory employee driver through his acts and omissions, was negligent, and such negligence was a proximate cause of the incident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following

Plaintiff's Original Complaint
Page 2

acts of negligence on the part of Defendant's statutory employee driver:

a. Failing to maintain a proper lookout;

b. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

c. In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

d. In failing to maintain a safe distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

e. In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;

f. In failing to drive in a single lane:

g. Negligent in attempting to change lanes when it was unsafe to do so under the circumstances;

h. Negligent in attempting to change lanes when the other lane was occupied by Plaintiff's vehicle;

i. Negligent in operating a commercial motor vehicle in an inattentive manner;

j. Negligent in operating a commercial motor vehicle when it was unsafe to do so at the time of the accident;

k. Defendant was negligent in other respects.

9. Plaintiff alleges that the acts and omissions by Defendant's statutory employee driver violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause of the incident and injuries in question in one or more of the following ways:

a. In violating Texas Transportation Code §545.060(a), which provides, "an operator on a roadway divided into two or more clearly marked lanes for traffic: 1. Shall drive as nearly as practical entirely within a single lane; and 2. May not move from the lane unless that movement can be made safely,"

which constituted negligence per se;

b. In violating 49 C.F.R. §392.2, which provides, "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with," which constituted negligence per se.

## RESPONDEAT SUPERIOR

10. Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred H. O. T.'s driver was a statutory employee and acting within the course and scope of his employment for H. O. T. and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiff hereby invokes the doctrine of *respondeat superior* and therefore alleges and contends that each negligent act and/or omission on the part of H. O. T.'s statutory employee driver is imputed to H. O. T. and H. O. T. is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its statutory employee driver.

## STATUTORY EMPLOYEE

11. Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred H. O. T.'s driver was and is considered a statutory employee of H. O. T. pursuant to 49 U.S.C. §14102/49 C.F.R. 376. In this regard, Plaintiff invokes 49 U.S.C. §14102/49 C.F.R. 376 and contends that H. O. T. is vicariously liable for all negligent and grossly negligent acts and/or omissions of its statutory employee driver.

## PERMISSIVE USE

12. Plaintiff would further show that prior to the time the collision occurred, H. O. T. had

owned or leased the vehicle being driven by its statutory employee and was in the possession, custody and control of the vehicle ultimately driven by its statutory employee on the date of the accident made the basis of this lawsuit. On or about September 28 2021, H. O. T. directed its statutory employee to use the vehicle in question for the purpose of operating it on the public streets and highways of Texas and, therefore, H. O. T.'s statutory employee operated said vehicle with the knowledge, consent and permission of H. O. T.

## NEGLIGENT ENTRUSTMENT

13. Plaintiff would further show that H. O. T. had custody and control of the vehicle that was being driven by its statutory employee at the time of the accident made the basis of this lawsuit. Plaintiff would also show that H. O. T. was negligent in entrusting the vehicle to its statutory employee who was a careless, incompetent and reckless driver. H. O. T. knew or should have known that its statutory employee was a careless, incompetent and reckless driver. Plaintiff would further show that H. O. T., in entrusting the vehicle to its statutory employee was negligent in entrusting the vehicle to its statutory employee, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

## NEGLIGENT HIRING, TRAINING, RETENTION AND CONTROL

14. Plaintiff further alleges that H. O. T., through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, to-wit:

    a.    In hiring and/or retaining its statutory employee driver;

b.  In failing to train or adequately train its statutory employee driver;

c.  In failing to instruct, supervise, and control its statutory employee driver; and

d.  In allowing and/or requiring its statutory employee driver to drive the vehicle in question.

## GROSS NEGLIGENCE

15. Plaintiff further alleges that H. O. T., by and through its acts and/or omissions, and through the acts and/or omissions of its statutory employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of malice that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff. Plaintiff further alleges that Defendant H. O. T.'s acts and/or omissions of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that Defendant H. O. T.'s acts and/or omissions of malice, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that Defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## DAMAGES

16. Plaintiff's damages include past, and probable future loss, which includes:

(a)  pain and mental anguish;

(b) loss of earnings and earning capacity;

(c) physical impairment;

(d) disfigurement; and

(e) necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

17. Plaintiff alleges that the accident made the basis of this lawsuit, and Plaintiff's injuries and resulting damages were proximately caused as a result of the wrongful conduct and negligent conduct of the Defendant as alleged and set forth herein.

18. Plaintiff alleges that her damages exceed the minimum jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendant for actual damages, costs of Court, prejudgment and post-judgment interest, punitive and/or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

LUKE BICKHAM, P.C.
Two Energy Square
4849 Greenville Avenue
Suite 1350
Dallas, Texas 75206
469-904-8170 Telephone
903-705-6389 Facsimile
luke@lukebickham.com

By: _____
LUKE BICKHAM
SBOT: 00787080
*Attorney in Charge*

MCKAY LAW, PLLC
Lindsey McKay
SBOT:   24064154
430 Church Street
Sulphur Springs, Texas 75482
(903) 272-1414 Telephone
(214) 272-2162 Facsimile
lindsey@mckaylawtx.com

ATTORNEYS FOR PLAINTIFF